JS-6

FILED
CLERK, U.S. DISTRICT COURT

APR 17, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US12GJV, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN WASHINGTON, et al.,<br><br>　　　　　　Defendants. | **Case No. CV 18-02863-VAP (RAOx)**<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.

## FACTUAL BACKGROUND

Plaintiff US12GJV, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Martin Washington, Pamela Washington, and Does 1 to 10 ("Defendants"), on or about November 6, 2017. Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendants are allegedly tenants of real property located in Los Angeles, California ("the property"). Compl. ¶¶ 3, 6. Plaintiff is the owner of the property. *Id.* at ¶¶ 2, 4. Plaintiff filed the unlawful detainer action demanding that Defendants quit and deliver up possession of the property. *Id.* at ¶ 7. Plaintiff also seeks monetary damages. *Id.* at ¶¶ 11, 17.

Defendant Pamela Washington filed a Notice of Removal on April 6, 2018, invoking the Court's diversity jurisdiction. Removal at 2. Defendant Washington also filed a Request to Proceed *In Forma Pauperis*. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant Washington asserts that this Court has subject matter jurisdiction due to the existence of diversity. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1332 provides that federal "district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000, . . ., and is between—(1) citizens of different States . . . ." *See id*. § 1332.

///

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S. Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to less than $10,000.00. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.[1]

### III.

### CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: April 17, 2018

Presented by:

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

---

[1] The Notice of Removal also appears untimely. Defendant Washington states that she was served with the Summons and Complaint on or about November 6, 2017. Removal at ¶ 3. The instant action was filed on April 6, 2018, well beyond the expiration of the 30-day statutory period for removal of civil actions. *See* 28 U.S.C. 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").